NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOSEPH M. COLLINS,** | Civil Action No. 07-5637 (GEB) |
| Plaintiff, | |
| v. | OPINION |
| **ROBERT ROTH, et al.,** | |
| Defendants. | |

BONGIOVANNI, Magistrate Judge

This matter comes before the Court upon application by Plaintiff *Pro Se*, Joseph M. Collins, for appointment of counsel pursuant to 28 U.S.C. § 1915. The Court considered this application without oral argument pursuant to FED.R.CIV.P. 78. For the reasons stated more fully below, the Court will grant Plaintiff's application.

I.  BACKGROUND

On November 27, 2007, Plaintiff submitted his Complaint, application to proceed *in forma pauperis* and application for appointment of counsel to the Court. In his Complaint, Plaintiff alleges that he is a psychiatric patient who has been involuntarily committed at the Anne Klein Forensic Center. *See* Pl.'s Compl. at ¶ 1. Plaintiff further alleges that since he has been in the care of Defendants at the Anne Klein Forensic Center he has been receiving improper treatment in a willful and deliberate manner. *Id.* at ¶ 5. Plaintiff asserts that because of the improper treatment, he has become a danger to himself and in fact has repeatedly tried to harm himself. *Id.* at ¶¶ 6-7. Plaintiff additionally claims that as a result of the improper treatment he has also been repeatedly assaulted by other patients. *Id.* at ¶ 9. Consequently, Plaintiff asserts

that Defendants have violated his 14th Amendment rights by failing to protect him and by deliberately placing him in a dangerous setting. *Id.* at ¶ 11. Plaintiff also claims that Defendants have violated his 14th Amendment rights by depriving Plaintiff of his right not to be unreasonably restrained because, but for the improper treatment, Plaintiff would not have to be placed in the seclusion unit of the Anne Klein Forensic Center. *Id.* at 12.

By Order dated December 11, 2007, the District Court granted Plaintiff leave to proceed *in forma pauperis* and ordered the Clerk to file Plaintiff's Complaint. Further, by Opinion and Order dated December 14, 2007, the District Court denied Plaintiff's application for appointment of counsel. In its December 14, 2007 Opinion, the District Court noted that Plaintiff had only recently submitted his Complaint and that his case was in the process of being filed and that the named Defendants had not yet even been served. *See* Op. dated December 14, 2007 at 3. The District Court further noted that regardless of whether Plaintiff's claims had merit, the factual and legal issues had not been tested or developed by the general course of litigation, which made it difficult to evaluate Plaintiff's application for appointment of counsel under the test set forth in *Parham v. Johnson*, 12 F.3d 454, 456-57 (3d Cir. 1997). *See* Op. dated December 14, 2007 at 3. The District Court also pointed out that at that stage of proceedings, Plaintiff had not demonstrated "the complexity of legal issues, the degree to which factual investigation will be necessary, or that he will be in need of expert witnesses." *Id.* In addition, the District Court observed that Plaintiff had successfully presented to the Court, without the assistance of counsel, a coherent Complaint and his application for appointment of counsel. *Id.* Consequently, the District Court denied Plaintiff's application. The District Court did however recognize that "issues may arise in the course of litigation which may raise a question as to Plaintiff's need for

counsel[,]" and, "[i]n that case" stated that "the Court will consider a renewed motion for appointment of counsel." *Id.*

On April 23, 2008, Defendants answered Plaintiff's Complaint.  On April 25, 2008, this Court entered an Order setting the schedule in this matter, including the dates for the filing of dispositive motions, as well as the dates for the parties' submissions of their pretrial memoranda.  On July 1, 2008, Plaintiff renewed his application for appointment of counsel.

In his renewed application, Plaintiff requests that counsel be appointed because he is "illiterate and cannot read or write the [E]nglish language.  Pl.'s Application dated July 1, 2008 ("Pl.'s App.") at 3.  Plaintiff notes that he is "being assisted by an associate and fellow patient" and argues that an attorney is necessary because he has "no legal training and the issues involved in this matter will turn on credibility issue [sic] and also require expert testimony."  *Id.*  Plaintiff also argues that he is "not capable of conducting discovery" and states that "it is not possible without representation for Plaintiff to move foreword."  *Id.*  Plaintiff asserts that he is indigent and cannot afford an attorney, and that "no attorney will take the case on [sic] contingency basis against the state."  *Id.*  Finally, Plaintiff notes that there is a similar case pending in this District - *Phillip Wood v. John Main, et al.*, Civil Action No. 05-1448 (RMB) - that involves the same types of claims as Plaintiff's.  *Id.* at 4.  Plaintiff asserts that the *Wood* matter involves the same individuals from the same unit who brutalized and terrorized Plaintiff here and notes that the plaintiff in *Wood* was appointed *pro bono* counsel.  *Id.*

**II.    DISCUSSION**

Pursuant to 28 U.S.C. § 1915(e), the Court may request that an attorney represent an indigent plaintiff in a civil action.  However, there is no right to counsel in a civil case.  *Tabron*

3

*v. Grace*, 6 F.3d 147, 153-54 (3d Cir. 1993), *cert. denied*, 510 U.S. 1196 (1994); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997).  Rather, the power to grant appointment of counsel lies in the Court's discretion.  *Tabron*, 6 F.3d at155.  Appointment of counsel under 28 U.S.C. § 1915(e) may be made at any point during the litigation and may be made by the Court *sua sponte*.  *Id.* at 156.

In evaluating an application for appointment of counsel, the Court must first consider the merits of Plaintiff's claim in order to determine if it has "some arguable merit in fact and law." *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).  If Plaintiff's claim has arguable merit, then the Court examines the following additional factors:   (1) the plaintiff's ability to present his or her case; (2) the complexity of the legal issues presented; (3) the degree to which factual investigation is required and the ability of the plaintiff to pursue such investigation; (4) whether credibility determinations will play a significant role in the resolution of the plaintiff's claims; (5) whether the case will require testimony from expert witnesses; and (6) whether the plaintiff can afford counsel on his or her own behalf.  *Id.* at 155-157; *Parham*, 126 F.3d at 457-58.  These factors, however, are not exhaustive and not any single factor is determinative.  *Id.* at 157.  Further, in determining whether to appoint counsel, the Court must also consider "the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do *pro bono* work, and the value of lawyers' time."  *Jenkins v. D'Amico*, Civ. Action No. 06-2027, 2006 WL 2465414, at *1 (D.N.J. Aug. 22, 2006) (citing *Tabron*, 6 F.3d at 157-58).

As a preliminary matter, the Court notes that by Order dated December 11, 2007, the District Court permitted Plaintiff's claims to proceed past *sua sponte* dismissal and ordered that Plaintiff's Complaint be filed.  Consequently, the Court finds that Plaintiff's claims have "some

4

arguable merit in fact and law." *Montgomery*, 294 F.3d at 499. The Court, therefore, turns its analysis to the *Tabron* factors.

The Court first examines Plaintiff's ability to present his own case, which is "perhaps the most significant" of all of the *Tabron* factors. *Montgomery v. Id.* at 501. In so doing, the Court must consider the circumstances of the individual plaintiff, including literacy, work experience, prior litigation experience and his ability to understand English. *Tabron*, 6 F.3d at 156. Further, where the plaintiff is imprisoned or involuntarily committed, as is the case here, the Court must also consider the restraints imposed upon the plaintiff by virtue of his confinement. *See id.* In the present matter, Plaintiff states that he is illiterate and can neither read nor write English. Plaintiff also asserts that a fellow patient has assisted him with the filing of the instant application for appointment of counsel. Further, the Court notes that Plaintiff is a psychiatric patient who has been both involuntarily committed at the Anne Klein Forensic Center and placed in the seclusion unit of that facility. *See* Pl.'s Compl. at ¶¶ 1 &12 . Given Plaintiff's illiteracy and confinement, the Court finds that Plaintiff's ability to present his own case will likely be hindered. As a result, the Court finds that this factor weighs in support of granting Plaintiff's application for appointment of counsel.

With respect to the second factor, the Court notes that the existence of complex legal issues, such as where the controlling law is not clear, weighs in favor of appointment of counsel. *Tabron*, 6 F.3d at 156. Further, the complexity of the discovery involved with a case also bears on the Court's consideration of this factor. *Parham*, 126 F.2d at 889. Here, the law governing Plaintiff's claims is clear and the discovery needed to support those claims does not appear to be overly complex. In order to establish that his Fourteenth Amendment right to reasonably safe

conditions of confinement was violated, Plaintiff must demonstrate that Defendants did not exercise professional judgement by showing that "the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Youngberg v. Romeo*, 457 U.S. 307, 323 (1982); *see Shaw v. Strackhouse*, 920 F.2d 1135, 1145 (3d Cir. 1990). The Court finds that these legal issues are not so unusually complex as to warrant the appointment of counsel. Therefore, the second *Tabron* factor does not support Plaintiff's application for appointment of counsel.

     As to the third *Tabron* factor - the degree to which factual investigation will be necessary and the ability of Plaintiff to pursue such investigation - the Court, as previously stated, does not believe that the discovery needed by Plaintiff is overly complex. Nevertheless, while the factual investigation necessary in this matter may not be overly complex, the Court is aware that Plaintiff's confinement, coupled with his illiteracy, may significantly impede Plaintiff's ability to pursue same. As a result, the Court finds that on balance this factor militates in favor of granting Plaintiff's application for appointment of counsel.

     The fourth *Tabron* factor requires the Court to determine whether the case will likely turn on credibility determinations. Plaintiff in his application for appointment of counsel argues that it will. The Court finds that credibility determinations will certainly play some role in the outcome of this case. The Court, however, also finds that other evidence such as Plaintiff's medical records and other records from the Anne Klein Forensic Center will also bear on the ultimate resolution of this matter. Thus, it is clear that this case does not turn solely on credibility determinations. As a result, the Court finds that at this stage of the proceedings it is

unclear the extent to which credibility determinations will effect the resolution of this matter. Consequently, this factor does not at this time support Plaintiff's application.

Under the fifth factor, the Court must consider whether the case at hand will require the testimony of expert witnesses. Plaintiff argues that it will. Given the "professional judgment" rule set forth in *Youngberg*, 457 U.S. at 323, the Court agrees with Plaintiff and finds that Plaintiff may require the testimony of expert witnesses to prove his claims. As a result, the Court finds that this factor supports Plaintiff's application for appointment of counsel.

The sixth *Tabron* factor requires the Court to determine whether Plaintiff can attain and afford counsel on his own behalf. Plaintiff states that he is indigent and claims that he cannot afford an attorney and that no attorney will take his case on a contingency fee basis. The Court notes that by Order dated December 11, 2007, the District Court granted Plaintiff leave to proceed *in forma pauperis*. There is no indication that Plaintiff's financial circumstances have changed since that time. The Court therefore finds that this factor weighs in favor of granting Plaintiff's application for appointment of counsel.

Having considered the *Tabron* factors, the Court finds that Plaintiff's application for appointment of counsel should be granted. While the Court has considered other factors such as "the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do *pro bono* work, and the value of lawyers' time[,]" the Court finds that Plaintiff's inability to present his case, coupled with the circumstances of his confinement, his inability to pursue the factual investigation necessary to prove his case, the fact that expert testimony may be necessary and Plaintiff's inability to attain or afford an attorney on his own behalf, warrant the appointment of counsel in this matter. *Jenkins*, 2006 WL 2465414, at *1. In coming to this conclusion, the

Court is also persuaded by the fact that another Court in this District appointed *pro bono* counsel to a plaintiff in a case similarly situated to the instant matter. *See Wood v. Main*, Civil Action No. 05-1448 (RMB), Order dated June 26, 2007.

## III. CONCLUSION

For the reasons stated above, Plaintiff's application for appointment of counsel is GRANTED. An appropriate Order accompanies this Opinion.

Dated: October 16, 2008

                                            s/Tonianne J. Bongiovanni
                                **HONORABLE TONIANNE J. BONGIOVANNI**
                                **UNITED STATES MAGISTRATE JUDGE**